### HARSELL et al. v. TOWNSEND et al.

(Supreme Court, Special Term, New York County. June, 1910.)

1. TRUSTS (§ 291*)—ACCOUNTING OF TESTAMENTARY TRUSTEES—ESTOPPEL— ACCEPTANCE OF BENEFITS.

Testamentary trustees paid the income of the estate to the life beneficiary, which should have been applied on taxes and interest on mortgage, and the remaindermen sued to compel an accounting for such overpayments. *Held*, that where the remaindermen were of full age when the payments were made, and received their principal support from the life beneficiary, who was their mother, they could not compel the trustees to account for and again pay over the money so paid to their mother.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 410; Dec. Dig. § 291.*]

2. TRUSTS (§ 194*)—ACCOUNTING BY TRUSTEES—CONCLUSIVENESS.

A proceeding instituted by trustees for leave to sell real estate comprised in the trust is not binding on the remaindermen, where the accounts of the trustees were not submitted or passed upon.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 249; Dec. Dig. § § 194.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Blaize L. Harsell and Grace E. Lewis against Charles De Kay Townsend and others for an accounting. Judgment for plaintiffs.

Robert B. Honeyman, for plaintiffs.
Mortimer S. Brown, for defendant Townsend.
**Calvin D. Van Name,** for defendant Prince.

GERARD, J. This is an action for an accounting. Letitia A. Poillon died in 1866, leaving her property, after a few bequests, to trustees in trust to pay the net income to her daughter Williemene B. Harsell during her life, and after her death to pay over the principal to her children in equal shares when they reached the age of 21. Provision was made for the continuance of the trust during the minority of each child and in favor of the issue of deceased children. L. Bradford Prince and Charles De Kay Townsend eventually became the trustees. Mr. Townsend was the husband of the life tenant. The life tenant, by her first husband, Harsell, had four children, two of whom are the plaintiffs here.

The claim is made by plaintiffs that the trustees paid over to their mother, the life tenant, sums from the income of the estate which should properly have been applied by the trustees to the payment of taxes, etc., on the real property forming part of the subject of the trust. The children were, however, all of full age at the time those payments were made to their mother, the life tenant. None of them were workers, and all of them received their principal support from their mother. The trustees claim that the children all, while of full age, knew of the payments by the trustees to their mother, and acquiesced in the paying over to their mother of sums which properly should have been applied to the payment of taxes, etc., on the properties held in the trust. On this issue I find for the trustees. The alleged accounting, referred to as binding the children, was a proceeding instituted by the trustees for leave to mortgage real estate comprised in the trust. It does not bind the children, because at no place were the accounts of the trustees submitted or passed on.

The plaintiffs are entitled to an accounting, but on such accounting the trustees must not be charged with moneys paid from the income to their mother with their consent and knowledge.